UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 07 CV 2154** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **JOHN R. IRWIN and** | ) | **Memorandum of Opinion and Order** |
| **NANCY C. IRWIN,** | ) | |
| | ) | |
| Defendants. | ) | |

### INTRODUCTION

This matter is before the Court upon the United States' Motion for Summary Judgment (Doc. 20). This case arises out of defendants' failure to pay federal income taxes. For the reasons stated below, the motion is GRANTED.

### FACTS

The United States of America brings this action against John R. Irwin and Nancy C. Irwin to reduce to judgment the unpaid federal income tax liabilities of John R. Irwin ("Irwin") and to foreclose the federal tax liens associated with those assessments against the

real property commonly known as 17420 Tall Tree Trail, Chagrin Falls, Ohio 44023 (the "Property").[1] The government now moves for summary judgment on its Amended Complaint. The motion is opposed.

Irwin did not file federal income tax returns for the years 1992, 1993 or 1994. Irwin did file returns for tax years 1995, 1996, 1997, 1999, 2000, 2001, 2002 and 2003. However, he did not make any payments in those years.[2]

Delegates of the Secretary of the Treasury have made assessments against Irwin for taxes, penalties and interest for the above-referenced years. *See* IRS Forms 4340. As of October 1, 2008, the assessments were as stated in the table below. Additional interest and penalties continue to accrue.

| Tax Year | Amount Assessed Plus Penalties and Interest | Accrued Interest and Penalties | Total as of October 1, 2008 |
|---|---|---|---|
| 1992 | $15,820.58 | $11,651.27 | |
| 1993 | $17,983.38 | $23,663.02 | |
| 1994 | $50,352.06 | $36,024.47 | |
| 1995 | $31,268.25 | $23,069.12 | |
| 1996 | $11,585.37 | $8,324.20 | |
| 1997 | $384,093.31 | $314,669.33 | |
| 1999 | $21,110.90 | $18,979.78 | |

---

[1] Nancy Irwin was joined to insure against the chance that she might claim an interest in the Property upon which the United States seeks to foreclose its liens. 26 U.S.C. § 7403(b).

[2] The parties do not discuss tax year 1998.

2

| | | | |
|---|---|---|---|
| 2000 | $36,962.14 | $10,618.72 | |
| 2001 | $173,808.74 | $56,283.89 | |
| 2002 | $81,503.84 | $29,839.07 | |
| 2003 | $413,415.34 | $148,245.70 | |
| **Total** | | | $1,919,272.48 |

Irwin is the sole owner and record title holder of the Property more fully described as that property

> situated in the Township of Bainbridge, County of Geauga and State of Ohio, being known as being Sublot 150 of Canyon Lake Colony Subdivision No. 7, as more fully set forth and described in Volume 26 Page 85 and re-recorded in Volume 26, Page 88 of Geauga County Records. Permanent Parcel No. 02-420524.

Warranty Deed, dated July 31, 2003. Irwin submits an affidavit stating that his wife Nancy Irwin incurred $33,981.58 in expenses for improvements made to the Property for her benefit.

## **STANDARD OF REVIEW**

Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material fact rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)). A fact is material only if its

resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). The court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 255); *see also United States v. Hodges X-Ray, Inc.*, 759 F.2d 557, 562 (6th Cir. 1985).

Summary judgment is appropriate when a party who bears the burden of proof at trial fails to make a showing sufficient to establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). When the non-moving party bears the burden of proof, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 252). Moreover, if the evidence is "merely colorable" or is not "significantly

probative," the court may grant summary judgment. *Anderson*, 477 U.S. at 249-50.

**DISCUSSION**

The government seeks

> judgment as a matter of law on its claims in this case, that (1) John R. Irwin, M.D., is liable to the United States in the total amount of $1,919,272.48, plus interest and other statutory additions accruing from and after October 1, 2008; (2) the United States has valid and subsisting federal tax liens on all property and rights to property of John R. Irwin, M.D., including his interest as the sole owner of the Property as described in the Amended Complaint; (3) the Court order the federal tax liens for the liabilities of John R. Irwin, M.D., be foreclosed against the Property, and that said Property be sold in a judicial sale, according to law, free and clear, with the net proceeds of the sale, after the satisfaction of the direct costs of sale, to be distributed to the United States, in accord with its lawful priority; and (4) the United States is entitled to such other relief that the Court deems just and proper.

**A.     The Amount Owed**

The Certificates of Assessments and Payments, IRS Forms 4340, submitted by the government carry with them a presumption of validity and establish a *prima facie* case of tax liability. *Gentry v. United States*, 962 F.2d 555, 557-58 (6th Cir. 1992). It is defendant's burden to rebut that presumption. *Id.* Irwin attempts to rebut the presumption only as to tax year 2003. He states that he amended his tax return for tax year 2003. He states that the amount of taxes owed in 2003 was only $268,860. The government does not dispute this fact. The government states that it did use Irwin's amended return in calculating the amount owing. The government's assessment totals $413,415.34 for tax year 2003 because it includes penalties and interest. The Court finds that no genuine issues of material fact exist.

**B.     Nancy Irwin's Interest in the Property**

Irwin is the sole legal owner of the Property. He acquired it before he married and

5

continues to hold sole title to it.  On the date of assessment for each of the federal tax liabilities, a lien arose in favor of the United States upon all property and rights to property belonging to Irwin.  These tax liens may be foreclosed against the Property.

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321.

> Unless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time.

26 U.S.C. § 6322.

Defendants contend that Nancy Irwin has an interest in the Property that is superior to the government's lien.  Irwin submits an affidavit in which he states that his wife incurred $33,981.58 in expenses for improvements made to the Property for her benefit.  He also submits an accounting of these expenses.  The improvements fall into the following categories:  landscaping, pet containment system, chimney cap, paint supplies, electrical/switch plates, closet construction, garage organization, kitchen cabinet pulls, bathroom upgrades, kitchen upgrades, gas fireplace, window film, carpet repair and lighting.  The improvements were made between 2000 and 2007.  No receipts or invoices accompany Irwin's accounting.

The government responds that there is no evidence that Nancy Irwin in fact paid for

these improvements or that the improvements increased the value of the residence.[3] The government's arguments are well-taken. Irwin has failed to set forth specific facts showing that there is a genuine issue for trial.

For these reasons, the United States is entitled to judgment as a matter of law in the amount of $1,919,272.48 plus interest and penalties accruing from October 1, 2008 and judgment that the United States has valid and subsisting federal tax liens on all property and rights to property of John R. Irwin, M.D., including his interest as the sole owner of the Property. The Court hereby orders that the federal tax liens for the liabilities of John R. Irwin, M.D., be foreclosed against the Property and that said Property be sold in a judicial sale, according to law, free and clear, with the net proceeds of the sale, after the satisfaction of the direct costs of sale, to be distributed to the United States in accord with its lawful priority.

**CONCLUSION**

For the reasons stated above, the United States' Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 11/19/08

---

[3] The government also points out that even if Nancy Irwin could prove that she increased the value of the Property by her improvements, any improvements are marital property. Accordingly, she holds only a 50% interest in those improvements.